FEINGOLD v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.    February 7, 1908.)

1. APPEAL AND ERROR—REVIEW—PRESUMPTIONS.
    On appeal from a judgment dismissing the complaint at the close of plaintiff's case, the evidence was entitled, not only to belief, but to all favorable inferences that might reasonably be drawn therefrom.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3748.]

2. STREET RAILROADS—ACTION FOR INJURIES—SUFFICIENCY OF EVIDENCE.
    In an action by plaintiff for injuries caused by being struck by defendant's street car, evidence examined, and held sufficient to carry the case to the jury.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 251–257.]

Appeal from City Court of New York, Special Term.

Action by Rebecca Feingold against the New York City Railway Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

Jacob Gordon, for appellant.

James L. Quackenbush (Bayard H. Ames, of counsel), for respondent.

PER CURIAM. On August 10, 1904, at half past 3 in the morning, plaintiff was on a wagon which was being driven by one Schwartzberg through Fourth street, in a westerly direction, towards Third avenue. When the wagon was being driven across Third avenue, it was struck by defendant's car, and plaintiff received injuries for which she here seeks to recover. At the end of plaintiff's case the court dismissed the complaint. Plaintiff appeals.

Inasmuch as the complaint was dismissed on plaintiff's evidence alone, that evidence is entitled, not only to belief, but to all favorable inferences that may reasonably be drawn therefrom. Schwartzberg, the driver, swears he looked on both sides before crossing the track, and saw a car standing at the corner of Third street; that, as he started to cross, the car started up and came on with great force and speed and struck the hind wheel of the wagon, causing the damage complained of. He says on cross-examination that he was not in the employ of plaintiff. His testimony is as follows:

"Mrs. Feingold did not hire my wagon that day. She did not hire me. She did not work for me, but for herself. She had a store. She did not hire me to take her to the market. I took her to the market, and she bought some goods, and she gave me the expressage on the wagon. I took her to the market to get the order she was to give me. I delivered the goods for her. She was sitting inside the wagon. I was driving the wagon."

There were four people in the wagon, the driver, the plaintiff, one Meyer Schreidman, and one Samuel Schreidman. They all gave the same version of the accident. Only the driver states that "the people in the wagon" wanted him to hurry, and he "did not want to hurry."

The plaintiff appears to have had no control whatever of the driver, and, even if the accident resulted from the concurrent negligence of the driver and the defendant, there was no contributory negligence on her part. It seems to us that the case should have been submitted to the jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.